*LOVE vs. DICKSON*

In the 254 article of the code of practice, the word "garnishee" was, by a clerical error, employed for "defendant."

APPEAL from the court of the eighth district.

PORTER, J. delivered the opinion of the court. This action commenced by attachment. Various exceptions were taken to the regularity of the proceedings, all of which were overruled in the court below, and, in our opinion, correctly, except that which objected to the service of the citation.

The return of the sheriff states that he served it by leaving a copy at the late place of residence of the defendant, in this parish.

The 254th article of the code of practice requires that where the debtor *is a non-resident* of the state, service shall be made on the

door of the parish church, or that of the room

where the court in which the suit is proceeding is held.

The petition in the case, stating that the defendant was a non-resident of the state, and the citation not being made in the manner directed by law, the whole proceedings in attachment must be set aside. In every case, a defect in citing the defendant is fatal, but particularly in those originating by attachment.

It has been contended, that the defendant's giving bond and taking the property out of the possession of the sheriff, cures the defect in the process; but it is a well settled rule that nothing cures defect in citation but appearance, and pleading to the merits.

The 254th article of the code of practice uses the words *garnishee* instead of defendant In the French copy of the law, the expressions are *partie saisie.* It has been admitted on both sides, that by the words garnishee, the debtor is meant. This appears as well from what precedes as what follows the word *garnishee,* and from the nature of the enactments contained in the article. Any other construction would make the law completely without meaning. The mistake must have originated with

the copyist or the printer. As in the 924th article it is provided that curators shall be appointed to such persons as are *capable* of administering their own property; where it is clear the word *incapable* was meant.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed: and it is further ordered, that the attachment issued in the case be set aside; that the cause be remanded to the district court, to be proceeded in according to law; and that the appellee pay the costs of this appeal.

*Ripley* and *Conrad* for the appellee—*Hennen* for the appellant.